IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING CO., LTD. AND NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC. | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:09-CV-02556 |
| CIGNA HEALTHCARE AND CONNECTICUT GENERAL LIFE INSURANCE COMPANY | § § § § § | |
| Defendants. | § | |

**CIGNA'S RESPONSE TO NORTH CYPRESS'S MOTION TO COMPEL CLAIM ADJUDICATION**

**LAW OFFICE OF ALAN W. HARRIS**
Alan W. Harris
Attorney-in-charge
State Bar No. 09050800
Southern District ID No. 2171
325 N. St. Paul Street, Suite 2700
Dallas, Texas 75201
Telephone: (214) 965-8200
Telecopier: (214) 965-8209

**COUNSEL FOR DEFENDANTS**

Defendants Connecticut General Life Insurance Company, CIGNA Healthcare, and CIGNA Healthcare of Texas Inc. (together, "Cigna") hereby submit their Response to the Motion to Compel Cigna to Adjudicate Claims filed by Plaintiffs North Cypress Medical Center Operating Co., Ltd. and North Cypress Medical Center Operating Co. GP, LLC (together, "North Cypress") (D.E. 418).

## INTRODUCTION

Just weeks before the deadline for its expert report on damages, North Cypress asks this Court to order Cigna to re-adjudicate thousands of claims to create data for North Cypress's damage calculations. North Cypress's motion to compel is improper for several reasons. <u>First</u>, North Cypress's motion—which comes years after the close of discovery and more than six months after North Cypress's supposedly limited request to supplement the record—is untimely. <u>Second</u>, the parties have already litigated and resolved North Cypress's right to receive the information underlying North Cypress's motion. In fact, the record shows that North Cypress has everything it could possibly need to analyze how Cigna would have adjudicated North Cypress's claims had Cigna not applied the fee-forgiving protocol, and North Cypress's only concern is that its expert may not fully understand this information. <u>Finally</u>, North Cypress has no legal basis for its motion to compel because it would require Cigna to create data that does not exist, and further assumes that North Cypress will be able to prove the merits of its claims, which it will not given its policy of charging patients based on 125 percent of Medicare while charging Cigna exorbitantly higher rates.

## ARGUMENT

**I. NORTH CYPRESS'S MOTION IS UNTIMELY.**

North Cypress styles its motion as one to compel Cigna to "adjudicate" North Cypress's claims, but North Cypress has known how Cigna adjudicated its claims for years now. In fact,

North Cypress has known Cigna's policy to adjudicate North Cypress's claims through the fee-forgiving protocol since November 2008. (Mot. ¶ 7.) North Cypress also learned the details of how Cigna applied this protocol during the course of the case's discovery, which lasted two-and-a-half years and spawned numerous motions to compel, affidavits, depositions and intercessions by the Court on Cigna's payment methodologies. And North Cypress certainly knew these details when it asked this Court for supplemental discovery in April 2015, more than six months before North Cypress filed its present motion.

What North Cypress really seeks is for Cigna to re-adjudicate all of its claims without application of the fee-forgiving protocol. But at no point until now has North Cypress ever sought to have Cigna re-adjudicate its claims based on this entirely hypothetical scenario. North Cypress's attempt to do so on the eve of damages expert reports and summary judgment is improper and would significantly further delay the resolution of the parties' already six-year-long dispute.

North Cypress's only excuse for its tardiness is to insist that the Fifth Circuit contemplated such an exercise when remanding this case back to the Court. (Mot. ¶ 1.) Nowhere, however, does North Cypress cite any language from the Fifth Circuit's opinion suggesting re-adjudication is necessary to determine the merits of Cigna's fee forgiving policy, because the Fifth Circuit made no such suggestion.

Moreover, if North Cypress believed that the Fifth Circuit required such an exercise, it should have raised the issue in April 2015, when this Court asked the parties what additional steps they believed were necessary to try this case. Though at that time North Cypress requested additional discovery on several new areas, it never asked Cigna to re-adjudicate its claims. (*See* D.E. 401, Pls.' Notice Regarding Remaining Discovery, at ¶¶ 9-11 (listing areas of requested

additional discovery and nowhere mentioning re-adjudication of claims); Apr. 28, 2015 Hearing Tr. (no mention of re-adjudication of claims).) North Cypress likewise did not raise this issue during the Court's August 18, 2015 status conference, or in any of its many letters to Cigna demanding supposedly "missing" discovery. That North Cypress waited until now to make its request—only after Cigna produced the data required pursuant to the Court's additional discovery order[1]—is reason alone for the Court to deny North Cypress's belated motion.

## II. THE PARTIES HAVE ALREADY LITIGATED THESE ISSUES RELATED TO CIGNA'S PAYMENT METHODOLOGIES, PROVIDING NORTH CYPRESS WITH ALL RELEVANT INFORMATION.

North Cypress defends its motion by contending that Cigna has not disclosed how it would have paid North Cypress's claims had Cigna not applied its fee-forgiving protocol. (Mot. ¶ 12.) That is not true. Cigna has produced voluminous discovery—including every plan at issue and applicable internal policies and procedures, along with multiple witnesses for deposition and patient cost-share data for 9,926 claims—showing Cigna's reimbursement policies for out-of-network facilities like North Cypress. Indeed, North Cypress filed several motions to compel demanding such information, and Cigna complied with every resulting order. (*See, e.g.*, D.E. 31, 49, 65, 158, 198.) This discovery shows that, contrary to North Cypress's assertion that Cigna used a proprietary, undisclosed database to adjudicate North Cypress's

---

[1] Surprisingly, North Cypress's motion suggests that the additional co-insurance and other cost-share data it demanded in April, and Cigna produced at great expense, brings it no closer to calculating damages. (*See, e.g.*, Mot. ¶ 2 (describing Cigna's provision of co-insurance data, after which North Cypress's expert must calculate and submit a report on damages); *id.* ¶¶ 10-11 (claiming North Cypress is "literally left to guess what Cigna's database/alleged 'proprietary' information determines to be the usual and customary/MRC-1 rate" and describing ways in which North Cypress can "attempt" to calculate damages).) If this is actually true, then North Cypress has also wasted Cigna's money and this Court's time over the past six months.

3

claims (Mot. ¶ 10),[2] Cigna would use a variety of methods to adjudicate out-of-network facility claims when a fee-forgiving protocol did not apply—including sending claims to third-party vendors to negotiate the bills or apply any contractual rates they may have with North Cypress, relying on a Medicare-based schedule, or denying claims for lack of medical necessity.

Moreover, at North Cypress's insistence, Cigna provided North Cypress with the cost-share information for each of the Cigna members on behalf of whom North Cypress is asserting a claim in this litigation. North Cypress assured the Court that this information, coupled with North Cypress's own data, was sufficient for North Cypress's expert to calculate damages. (*See* April 28, 2015 Hearing Tr. 4:6-5:21.) While North Cypress may no longer trust its expert, Ms. Tankersley, to apply this information properly, North Cypress's concern does not give it the right to compel Cigna to do Ms. Tankersley's work for her. (*See* Mot. ¶ 11 (outlining ways in which North Cypress believes it could calculate damages without Cigna's re-adjudication of claims).) Instead, as North Cypress understands, if there are issues with the quality of Ms. Tankersley's analysis, Cigna's expert will raise them in his rebuttal. (Mot. ¶ 12.)

---

[2] Indeed, Cigna has informed North Cypress on numerous occasions that it did not use "UCR rates," the Ingenix databases, or other computations based on "geographic areas" to price out-of-network facility claims. (*See, e.g.*, Aug. 31, 2011 Letter from Wells to Sutter ("CIGNA has informed North Cypress on numerous occasions that CIGNA does not use 'UCR rates,' the Ingenix Databases, or other computations based on 'geographic areas' to price out-of-network facility claims."); D.E. 174, Ex. 2, Aff. of Christopher Kulig (Dec. 6, 2010), ¶ 7 ("When processing a claim for out-of-network facility services under an MRC1 plan, if a vendor-negotiated rate is not available, then CIGNA generally pays the claim at the provider's billed charges."); D.E. 74, Ex. 2, Aff. of Christopher Kulig (Aug. 25, 2010), ¶ 5 ("When CIGNA receives a UB-04 form, it does not process the facility claim using data from the Prevailing Healthcare Charges System ('PHCS') or the Medical Data Research ('MDR') databases (together, the 'Ingenix databases'")."); *id.*, Ex. 3, Aff. of Kelli Tyner (Aug. 24, 2010), ¶ 9 ("Based on my analysis . . . I have concluded that the claims listed in Plaintiff's Spreadsheet are facility claims.").)

### III. THE MOTION TO COMPEL IS NOT A PROPER REQUEST ON THE MERITS.

North Cypress seeks the exact payments that Cigna would have made if Cigna reprocessed North Cypress's claims without application of the fee-forgiving protocol. (Mot. ¶ 14.) But as North Cypress admits, this information does not exist, which it precisely why North Cypress asks this Court to force Cigna to create it. (*See id.* ¶¶ 13-14.) It is "well-settled that a responding party's obligations under [Federal] Rule 34 [of Civil Procedure] do not extend to non-existent materials," and a party "cannot be compelled to create . . . new documents solely for their production." *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-CV-01644-REB-CBS, 2010 WL 502721, at *14 (D. Colo. Feb. 8, 2010) (collecting cases; internal quotation marks and citation omitted); *see also Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014) (citing *Cartel*); *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983) (defendant "cannot be compelled to create, upon the request of the plaintiff, documentary evidence which is not already in existence in some form."); Fed. R. Civ. P. 34 (party may request the production of documents "in the responding party's possession, custody or control.").)

North Cypress's motion to compel Cigna to create this new data should therefore be denied. *See, e.g.*, *Alexander v. F.B.I.*, 194 F.R.D. 305, 310 (D.D.C. 2000) (denying motion to compel production of a specific list in the absence of evidence that such a list existed); *Martinez v. Allison*, No. 1:11-CV-00293-LJO, 2013 WL 1222037, at *6 (E.D. Cal. Mar. 25, 2013) (denying motion to compel production of photographs that did not exist); *cf. Paramount Pictures Corp. v. Replay TV*, No. CV01-9358FMC, 2002 WL 32151632, at *2-3 (C.D. Cal. May 30, 2002) (reversing magistrate's discovery order on the basis that it "impermissibly requires defendant to create new data which does not now exist," which exceeds the scope of Rule 34); *Lamon v. Adams*, No. 1:09-CV-00205-LJO, 2015 WL 1879606, at *1-3 (E.D. Cal. Apr. 22, 2015) (describing plaintiff's motion for discovery sanctions as "duplicative, frivolous, and

5

abusive" where plaintiff repeatedly moved to compel production of a videotape that he maintained was required to have been made, and "[d]efendants consistently maintained that no video had been made"; Rule 34 cannot be used to require a party to create evidence).

Recognizing that its motion has no basis in the federal rules for discovery, North Cypress insists that it does not seek discovery. But North Cypress offers no support for what alternative procedural mechanism would entitle it to force Cigna to re-process the disputed claims. Nor would it make any sense that North Cypress would be entitled to such extraordinary relief before proving the merits of its claims, given that purpose of ERISA's abuse of discretion standard is "to avoid excessive judicial interference with plan administration." *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988) (internal quotation marks and citation omitted); *see also Pierre v. Conn. Gen. Life Ins. Co./Life Ins. Co. of N.A.*, 932 F.2d 1552, 1558 & n.8 (5th Cir. 1991) (deferential review of administrators' factual determinations is appropriate; citing *Daniel*).[3]

Indeed, if forced to re-adjudicate North Cypress's claims today, Cigna would reimburse North Cypress no more than its normal charge pursuant to the applicable plan language, which would be 125 percent of Medicare based on North Cypress's "prompt pay" policy. North Cypress has already indicated that it would not accept this amount. *See* Appellants' Reply Br. & Resp. to Cross-Appellants' Br. at 27-28, *N. Cypress Med. Ctr. Op. Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015) (No. 12-20695). So not only does North Cypress have no basis to seek re-adjudication of its claims before meeting its heavy burden of proof—which it will be unable

---

[3] North Cypress also tries to justify its request by wrongly claiming that the Fifth Circuit's opinion foreclosed the affirmative defenses of setoff or recoupment to Cigna. (Mot. ¶ 14.) While the Fifth Circuit held that the statute of limitations is not tolled in the case of a counterclaim seeking affirmative relief, it also found that "as a purely defensive procedure, recoupment is available to defendant so long as plaintiff's claim survives." *N. Cypress Med. Ctr. Op. Co. v. Cigna Healthcare*, 781 F.3d 182, 206 (5th Cir. 2015) (internal citation and quotation marks omitted). Moreover, North Cypress ignores Cigna's other additional defenses, including that North Cypress acted with unclean hands and failed to mitigate its alleged damages.

to do—granting its motion before such a ruling would not even resolve its concern. North Cypress's motion to compel should therefore be denied.

## CONCLUSION

For the reasons stated above, Cigna respectfully requests that North Cypress's motion to compel be denied.

DATED this 23rd day of November, 2015.

                              Respectfully submitted,

                              */s/ Alan W. Harris*
                              Alan W. Harris
                              Attorney-in-charge
                              State Bar No. 09050800
                              Southern District ID No. 2171
                              325 N. St. Paul Street, Suite 2700
                              Dallas, Texas 75201
                              Telephone: (214) 965-8200
                              Telecopier: (214) 965-8209

                              Joshua B. Simon
                              Warren Haskel
                              Richard W. Nicholson
                              Kirkland & Ellis LLP
                              601 Lexington Avenue
                              New York, New York 10022
                              Telephone: (212) 446-4800
                              Facsimile: (212) 446-4900

                              **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

   I hereby certify that on November 23, 2015, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who are known "Filing Users":

  J. Douglas Sutter, Esq.
  Kelly, Sutter & Kendrick, P.C.
  3050 Post Oak Blvd., Suite 200
  Houston, TX 77056
  Telephone: (713) 595-6000
  Facsimile: (713) 595-6001

In addition, I served a true and correct copy of the foregoing document via e-mail on Mr. Sutter.

             */s/ Alan W. Harris*
             Alan W. Harris