IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NORTH CYPRESS MEDICAL CENTER § <br> OPERATING COMPANY, LTD. AND § <br> NORTH CYPRESS MEDICAL CENTER § <br> OPERATING COMPANY GP, LLC § <br> § <br> V. § <br> § <br> CIGNA HEALTHCARE AND § <br> CONNECTICUT GENERAL LIFE § <br> INSURANCE COMPANY § | NO. 4:09-CV-2556 |

### NORTH CYPRESS' REPLY TO CIGNA'S RESPONSE TO NORTH CYPRESS' MOTION TO COMPEL CLAIMS ADJUDICATION

**TO THE HONORABLE JUDGES OF SAID COURT:**

COME NOW, Plaintiffs North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company GP, LLC (collectively "North Cypress" or "Plaintiffs") and show the following:

### ARGUMENT

*North Cypress' Motion Does Not Pertain to Discovery:*

1. North Cypress' Motion to Compel Cigna to Adjudicate North Cypress' Claims does *not* pertain to discovery or to any aspect of discovery. It is a substantive request made at the time each party's experts are calculating damages and it is Cigna's Fee-Forgiving Protocol that is now at issue and was at issue at the Fifth Circuit Court of Appeals. The reason we are here today is because the Fifth Circuit would not approve Cigna's Fee-Forgiving Protocol wherein Cigna paid a tiny fraction of North Cypress' claims based upon the alleged exclusion/limitation in the plans and policies which states *"charges for which you are not [legally] obligated to pay."* The fact is, Cigna does not deny that it *never* adjudicated North Cypress' claims. It simply applied to North Cypress' medical claims its Fee-Forgiving Protocol

1

invented by an "Interdisciplinary Team" consisting of dozens of Cigna employees wherein Cigna only reimbursed North Cypress whatever amount it believed that North Cypress had collected from its patient members, usually $100 to $300 per claim. This is not and in no manner can it be claimed to be an adjudication of the medical claims pursuant to the plan/policy language. Clearly, the Fifth Circuit did *not* accept Cigna's "interpretation"[1] of the exclusion/limitation "*charges for which you are not [legally] obligated to pay.*" Responding to Cigna's pretext that its Protocol came from this strained and vague exclusion, the Fifth Circuit stated "[T]here are strong arguments that Cigna's interpretation is not 'legally correct.'" *North Cypress Medical Center v. Cigna Healthcare*, 781 F.3d. 182, 196 (5th Cir. 2015). The Fifth Circuit stated that while interpreting this exclusion/limitation, the "ordinary plan members who read that 'payment for the following is specifically excluded from this plan:…''charges for which you are not obligated to pay or for which you are not billed' would understand that they *have no insurance coverage* if they are not charged for co-insurance. That is, would a plan member understand the language to *condition* coverage on the collection of insurance, rather than simply describing the fact that the insurance does not cover all of the patient's costs." (*Id.*). Cigna cannot honestly get around this reasoning and holding. Nonetheless, Cigna still argues that it will continue to apply its Fee-Forgiving Protocol to North Cypress' claims even at this late stage of the litigation.

    2.    Prior to the application of the Fee-Forgiving Protocol, whether Cigna utilized (a) a database, (b) a Fee Schedule or (c) "allowed" 100% of North Cypress' charges, the manner in

---

[1] In reality, there was *no* interpretation of any plan language to arrive at the "Protocol." Cigna's Interdisciplinary Team initially voted to pay North Cypress nothing per claim but then decided that to do so "*just smacks of a lack of genuine effort to determine the proper charges and apply the correct plan benefits.*" (Dkt. 265, Exs. "27", "103", pp. 351-352). From that, the Protocol was hatched: pay North Cypress only the amount of money that it had collected from the Cigna member no matter the amounts of the *bona fide* charges for "medically necessary" goods and services which had nothing to do with the plan language.

2

which it applies/calculates its out-of-network benefits and patient maximums could very well be different from the manner in which anybody else does attempting to duplicate and/or replicate Cigna's computer system even with the knowledge of the out-of-network benefits and the maximum out-of-pockets of each patient.  This is the perennial argument which all payors, including Cigna, make whenever they find themselves sued in a multi-claim ERISA case:  "the defendant provider failed to calculate the claims *identically* to the manner in which the payor's computer system would have calculated the claims."  Therefore, Cigna should be required, *for the first time*, to adjudicate North Cypress' claims in *the* manner in which it adjudicated them *prior to* the Protocol which was applied to North Cypress' claims on November 17, 2008.  Incredibly, Cigna argues to this day that if it is forced "to re-adjudicate North Cypress' claims today, Cigna would reimburse North Cypress no more than its normal charge pursuant to the applicable plan language which would be 125% of Medicare based on North Cypress' 'Prompt Pay' policy."  (Dkt. 426, p. 6).  That is not an adjudication of claims as they were adjudicated *prior to* the Protocol.  None of the MRC-1 plans provide for the reimbursement of claims at 125% of Medicare.  And, reimbursing $300.00 for a $50,000 or $100,000 claim is nowhere near 125% of what Medicare would reimburse.  Cigna simply did not adjudicate North Cypress' claims like this prior to the Protocol.  The argument is silly.  The Fifth Circuit would not buy it, nor should this Court. (Besides, Cigna's use of the word "re-adjudicate" means that somewhere, sometime before, Cigna adjudicated North Cypress' claims.  It never did!)  In other words, Cigna believes that it can continue to apply its "Fee-Forgiving Protocol" to North Cypress' claims based upon the exclusion "*charges for which you are not [legally] obligated to pay.*'"  What was the purpose of the three-year appeal to the Fifth Circuit?  Cigna arrogantly ignores the Fifth

3

Circuit's language with regard to the "truncated" exclusion/limitation and acts as if the last three years and countless briefs never occurred.

3. Cigna even claims that it still has the right to off-set or recoupment even after this Court dismissed with prejudice those claims and the Fifth Circuit affirmed that decision. *North Cypress* at 204-207. Finally, Cigna does not have any defense of "unclean hands" with regard to ERISA claims. That defense simply does not exist and if it did, it was previously pre-empted by this Court's Order. (Dkt. 331).

*Mrs. Tankersley's Report:*

4. Cigna argues that "North Cypress may no longer trust its expert, Mrs. Tankersley to apply…information properly." (Dkt. 426, p. 4). The fact of the matter is that when North Cypress' Motion to Compel Cigna to Adjudicate Claims, *for the first time,* was filed on November 3, 2015, Mrs. Tankersley was well on her way to having completed her substantial 42-page report which was presented to the Court and to Cigna on time, on December 1, 2015. Such a report was certainly not prepared overnight. North Cypress has complete trust in Mrs. Tankersley's ability to calculate the information provided by Cigna and to prepare a report which will pass muster of this or any federal court.

5. Still, no matter how somebody calculates and adjudicates Cigna's claims, Cigna, as well as all other payors, have traditionally argued that the manner in which the damages was calculated is not "exactly" the same as the manner in which Cigna's computers would have calculated those claims. Again, Cigna never adjudicated North Cypress' claims, but rather, applied a bogus Protocol which had no basis whatsoever in the plans and policies. The so-called "processing" of North Cypress' claims was arbitrary based solely upon the amount of money Cigna believed that North Cypress had collected from patients and that amount was then

mimicked or copied and reimbursed to North Cypress.  No Cigna plan/policy anywhere permits this.

6. Cigna now claims that it could have used "a variety of methods to adjudicate out-of-network facility claims when the Fee-Forgiving Protocol did not apply." (Dkt. 426, p. 4). This is misleading.  The "methods" in which Cigna claims that it could have adjudicated North Cypress' claims were (a) "sending claims to a third party to negotiate the bills" which is nothing more than the repricing of claims by a third party vendor, *e.g.*, Viant, which is separate and distinct from the adjudication of claims through Cigna; (b) "applying any contractual rates they may have with North Cypress" which is simply processing claims through a "wrapper network" such as MultiPlan or PHCS which did not occur with regard to North Cypress' claims because North Cypress had no agreements at the time with any third party "wrapper" or "rental" networks; and, (c) "relying on a Medicare-based schedule" which simply means that when the plan or policy calls for a certain percentage of Medicare (MRC-2 pricing), that amount was then allowed in the claim process thereunder (which claims are segregated by Mrs. Tankersley in her report and which are not "Protocol" claims).  None of these "methods" apply to MRC-1 pricing to which North Cypress requests an adjudication now, *for the first time*.  The "MRC-1" claims are the "Protocol" claims.  These other "methods" are not and do not advance Cigna's argument.

7. Cigna also claims that "North Cypress [does not] cite any language from the Fifth Circuit's *North Cypress* Opinion suggesting that re-adjudication [sic] is necessary to determine the merits of Cigna's Fee-Forgiving Policy." (Dkt. 426, p. 2).  Indeed, the Fifth Circuit did comment on this issue.  North Cypress' claims for underpayment of benefits were remanded to this Court to determine and calculate same on a "claim-by-claim" basis "with a fully developed

5

record, including claims that Cigna breached duties owed its insureds under ERISA." *North Cypress* at 197.

*Discovery Law:*

8. Cigna attempts to treat this as a discovery issue. As noted above, it is not. Therefore, neither Rule 34, Fed.R.Civ.P. nor any of the cases cited by Cigna in its Response at pp. 5-6 apply. (Dkt. 426, pp. 5-6).

## CONCLUSION

9. The question the Court must ask itself is: *"why is Cigna afraid of adjudicating North Cypress' claims for the first time as it did before the imposition of the Protocol on November 17, 2008?"* The answer is obvious: the adjudication and calculation of North Cypress' claims would confirm North Cypress' damages in the amount of $57,472,207.53. That is the reason that Cigna does not want to adjudicate the claims now, for the first time.

10. It is also obvious from Cigna's Response that it intends to completely ignore the holdings and directions of the Fifth Circuit Court of Appeals in *North Cypress* and to arrogantly claim that it won the appeal and to continue with its bogus "Fee-Forgiving Protocol" with regard to North Cypress' claims. Indeed, the stakes are high for Cigna: it currently continues to apply its Fee-Forgiving Protocol to out-of-network providers' claims all over the United States.[2] There are dozens of cases involving Cigna and out-of-network providers pending right now wherein Cigna is proceeding as if the Fifth Circuit Court of Appeals never ruled on its Fee-Forgiving Protocol.

---

[2] The "Protocol" created by Cigna's "Interdisciplinary Team" with its "Four-Prong Attack" was a "pilot" program first applied only to North Cypress in 2008. Thereafter, this Protocol has spread like a disease all over the United States to dozens of other out-of-network facility providers.

6

11. Likewise, the recent court-ordered depositions of Cigna's Rule 30(6)(b) representatives in New York clearly demonstrate Cigna's "conflict-of-interest" *vis-à-vis* the Contingency Fees in the millions of dollars that it made from "Savings" involving North Cypress' claims and the fact that it did not apply its Fee-Forgiving Protocol to in-network providers as the Fifth Circuit said is a relevant inquiry. *North Cypress* at 196. North Cypress has already proven the "internal consistency of the [Cigna] plans" and "the factual background of the determination and any inferences of the lack of good faith" on the part of Cigna. *Id*. at p. 196.

12. Based upon the foregoing, North Cypress' Motion should be granted.

**WHEREFORE, PREMISES CONSIDERED**, North Cypress prays that its Motion to Compel Cigna to Adjudicate Claims be granted.

Respectfully submitted,

By: */s/ J. Douglas Sutter*
    J. Douglas Sutter
    Federal Bar No. 3791
    State Bar No. 19525500

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD. AND NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY GP, LLC**

**OF COUNSEL:**

**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056
(713) 595-6000 – Telephone
(713) 595-6001 – Facsimile
dsutter@ksklawyers.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 1st day of December, 2015, a true and correct copy of the foregoing document was provided to opposing counsel via electronic mail and the Court's ECF filing system as follows:

William Pratt
Joshua B. Simon
Warren Haskel
Richard Nicholson
Frank Holozubiec
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Alan W. Harris
Law Office of Alan W. Harris
325 N. St. Paul Street, Suite 2700
Dallas, TX  75201

                                                          */s/ J. Douglas Sutter*
                                                          **J. DOUGLAS SUTTER**