United States District Court
Southern District of Texas
**ENTERED**
September 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NORTH CYPRESS MEDICAL CENTER OPERATING CO., LTD.,** *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-2556 |
| | § | |
| **CIGNA HEALTHCARE,** *et al*, | § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike Defendants' Summary Judgment Evidence (Doc. No. 460). After considering the Motion, the responses thereto, and all applicable law, the Court finds that the Motion should be granted in part and denied in part.

**I.   BACKGROUND**

Plaintiffs have moved to strike several exhibits attached to Defendants' Motion for Summary Judgment. First, Plaintiffs move to strike the declaration of Richard W. Nicholson, Jr., counsel for Defendants, and the attached exhibits, which consist of summaries of voluminous documents (Doc. No. 447-2; hereinafter "Nicholson declaration"). Second, Plaintiffs move to strike the expert report of Sean M. May (Exhibit 32). Finally, Plaintiffs move to strike portions of Exhibits 12, 13, 26, 28, 33, and 35 on hearsay grounds.

**II.   LEGAL STANDARDS**

On a motion for summary judgment, a court may consider any evidence in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). However, hearsay, unsubstantiated

1

assertions, and unsupported speculation will not suffice to create or negate a genuine issue of fact. *McIntosh v. Partridge,* 540 F.3d 315, 322 (5th Cir.2008); *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir.1996); *Reese v. Anderson,* 926 F.2d 494, 498 (5th Cir.1991); *Shafer v. Williams,* 794 F.2d 1030, 1033 (5th Cir.1986); *see* Fed. R. Civ. P. 56(c)(4). A party may object to material cited in a summary judgment motion that would not be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

As a general matter, hearsay evidence (out of court statements offered to prove the truth of the matter asserted) is not admissible. Fed. R. Ev. 801-02. There is, however, an exception to the rule against hearsay for business records where:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Ev. 803(6).

Moreover, under Rule 1006, a litigant "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Ev. 1006. A summary, chart, or calculation is only admissible if the underlying information is also admissible. *Soden v. Freightliner Corp.*, 714 F.2d 498, 506 (5th Cir. 1983). The proponent of the summary, chart, or calculation must make the underlying information available to the other parties for examination, copying, or both. Fed. R. Ev. 1006. However, the proponent is not required to produce the underlying data; she merely must make it available to the opposing party. *Guchausky v. Am. Life Assurance Co. of Columbus*, No. CV-10-59-H-DWM, 2012 WL 4849688, at 1 n.1 (D. Mont. Oct. 11, 2012).

2

## III.   ANALYSIS

### a.   Nicholson declaration

Plaintiffs move to strike the Nicholson declaration and its attachments on three separate grounds. First, Plaintiffs argue that the documents underlying the summaries are inadmissible. (Doc. No. 460 at 4-7.)[1] In response, Defendants provided two declarations from Cigna employees (Doc. Nos. 469-2, 469-3) which characterize the underlying documents as business records admissible under Federal Rule of Evidence 803(6).[2] In their declarations, the Cigna employees address elements (A) through (D) of Rule 803(6). Plaintiffs have not shown that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. *See* Fed. R. Ev. 803(6)(E). Therefore, the Court finds that the documents underlying the Nicholson declaration and its attachments are admissible.

Second, Plaintiffs allege that the Defendants failed to make the underlying documents available to Plaintiff as required in Federal Rule of Evidence 1006. The Court disagrees. Every document underlying the summaries was identified by Bates number, and all were in the possession of Plaintiffs. *See* Doc. No. 469 at 6. Plaintiffs did not ask Defendants for an opportunity to examine or copy any of the underlying documents. *See Guchausky*, 2012 WL 4849688, at *1 n.1 (admitting summary data when plaintiffs had "months to examine any underlying data if it wanted to do so" and had not "come forward with any evidence showing

---

[1] Plaintiffs also make a formalistic argument that Rule 1006 requires a declarant to *affirmatively* establish the admissibility of the underlying documents in the declaration. Plaintiffs provide no support for this argument (other than a single case from the Court of Federal Claims); the authority Plaintiffs cite merely establishes that the underlying documents are required to be admissible. Therefore, the Court only addresses the actual admissibility of the underlying documents.

[2] Plaintiffs argue that the Court should not consider these declarations because Defendants did not seek prior leave to submit them. However, Federal Rule of Civil Procedure 56(e)(1) allows the Court to give Defendants an opportunity to support or address its assertion, and the Court hereby grants Defendants that opportunity.

that [the defendant] refused to provide access to the data"). Therefore, Defendants satisfied the requirement to make the underlying documents available to Plaintiffs. The Court does not agree with Plaintiffs that Rule 1006 required Defendants to re-produce all of the voluminous underlying documents and deliver them to Plaintiffs, despite the fact that Plaintiffs already had the documents in their possession.

Finally, Plaintiffs move to strike the Nicholson declaration and attachments on the ground that the declaration improperly includes legal opinions and argumentative conclusions. The phrases to which Plaintiffs object, however, are merely descriptive. For example, Plaintiffs take issue with the Nicholson declaration's designation of certain plan language as "fee forgiving exclusionary language." (Doc. No. 460 at 9.) However, the declaration specifies exactly the plan language to which it refers. And the declaration's use of the word "key" to describe the exclusionary plan language merely echoes the Fifth Circuit's language in its 2015 opinion. *See N. Cypress*, 781 F.3d at 196-97. Therefore, the Court does not find that the Nicholson declaration improperly includes legal opinions and argumentative conclusions.

### b. Expert report of Dr. Sean May

In challenging Dr. May's expert report (Exhibit 32; Doc. No. 447-32), Plaintiffs incorporate by reference their earlier Motion to Strike and *Daubert* Challenge to the Expert Report and Proposed Testimony of Defendants' Expert Witness, Sean M. May, Ph.D. (Doc. No. 264). The Court denied this motion on August 18, 2015 and declines to revisit these arguments now.

Plaintiffs also challenge Dr. May's expert report (Exhibit 32; Doc. No. 447-32) on the grounds that it is not verified under penalty of perjury. As noted above, the Court may grant Defendants an opportunity to support or address an unsupported assertion. Fed. R. Civ. P.

56(e)(1). Therefore, the Court will accept the declaration from Dr. May verifying his January 13, 2012 and January 20, 2016 expert reports that Defendants attached to their opposition brief. (Doc. No. 469-10.) Because Dr. May's report is now verified, Plaintiffs' argument is moot.

### c. Hearsay objections

Plaintiffs have moved to strike portions of Exhibits 12 and 13, transcripts of the depositions of James L. Nadler and Brian L. Wallach, in which the deponents describe conversations they had with intake personnel at North Cypress Medical Center. However, these statements are not offered to prove the truth of the matter asserted. Instead, they are offered to show the effect that the statements had on Cigna and to establish Cigna's state of mind with regard to the evidence of fee-forgiving behavior that it was gathering at the time. *See* Defs.' Mot. for Summ. J. at ¶ 18 (Doc. No. 447). Therefore, they are not hearsay and should not be stricken.

The same cannot be said of the objected-to portions of Exhibits 33 and 35. In those exhibits, deponents Michael J. Koehler and John W. Matheny describe conversations with Cypress Independent School District personnel about the high costs the District was experiencing. Defendants clearly offered these statements to prove the truth of the matter asserted. In their motion for summary judgment, Defendants cite these exhibits to support their claim that "*the record shows* that [Plaintiffs'] scheme cost plans tremendously, even causing one of Cigna's clients, a local school district, 'to go over [its budgets] by several million dollars,…[and] lay off teachers as a result.'" *Id*. at 20 (emphasis added). Defendants go on to argue that Plaintiffs' reading of the contested plan language "would force employers to continue to pay these extreme, unintended costs." *Id*. Because these portions of Exhibits 33 and 35 are out of court statements offered to prove the truth of the matter asserted, they must be stricken.

Exhibit 26 is a Cigna newsletter from April 2014 reminding in-network providers that

"Participant incentives," including "reduc[ing] or satisfy[ing] a Participant's cost-sharing obligations" are prohibited. Without reaching the hearsay objection, the Court finds that this exhibit is irrelevant, since this case involves only claims prior to July 31, 2012. Therefore, this evidence is stricken from the record.

Finally, the Court finds that the portions of Exhibit 28, the deposition of Wendy Sherry, in which Ms. Sherry describes conversations with other Cigna employees about Cigna's provision of plan documents, are hearsay and must be stricken. Defendants object that there is a great deal of evidence to corroborate Ms. Sherry's testimony. The existence of corroborating evidence, however, is irrelevant to the question of the admissibility of this particular piece of evidence.

## IV. CONCLUSION

Plaintiffs' Motion to Strike (Doc. No. 460) is **GRANTED IN PART** and **DENIED IN PART**. The following exhibits are **STRICKEN** from Defendants' motion for summary judgment (Doc. No. 447): Exhibit 26, Exhibit 28 at 17, Exhibit 33, and Exhibit 35. Plaintiffs' Motion is **DENIED** with regard to all other exhibits.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 7th day of September, 2016.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

6