United States District Court
Southern District of Texas
**ENTERED**
January 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NORTH CYPRESS MEDICAL CENTER OPERATING CO., LTD.,** *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-2556 |
| | § | |
| **CIGNA HEALTHCARE,** *et al*, | § § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Interim Application for the Award of Attorneys' Fees and Taxable Costs (hereinafter "the Motion"). (Doc. No. 503.) After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Plaintiffs' Motion should be denied.

**I.     BACKGROUND**

This case arises out of a dispute over the obligation of an insurer (Defendants, hereinafter "Cigna") to pay a hospital (Plaintiffs, hereinafter "North Cypress") for medical services provided to insured patients. The facts of the case are familiar to the parties and need not be recited here in full. North Cypress brought claims under the Employee Retirement Income Security Act ("ERISA") and for breach of contract, among other claims.

This Court granted summary judgment to Cigna on North Cypress's ERISA and breach of contract claims. (Doc. Nos. 318, 326, 331). On March 10, 2015, the Fifth Circuit vacated the grants of summary judgment with regard to those claims and remanded for further proceedings. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015). North Cypress and Cigna each subsequently filed Motions for Summary Judgment. (Doc. Nos.

443, 447).

On June 1, 2016, the United States District Court for the Southern District of Texas issued a ruling in a separate case to which Cigna is a party, *Connecticut General Life Insurance Co., et al. v. Humble Surgical Hosp., LLC*, C.A. No. 4:13-cv-3291, 2016 WL 3077405 (S.D. Tex. Jun. 1, 2016) (hereinafter "*Humble*"). North Cypress argues in a second Motion for Summary Judgment that the *Humble* decision binds this case under the doctrines of *res judicata* and collateral estoppel. (Doc. No. 489.)

On August 1, 2016, before this Court had decided any of the three motions for summary judgment, North Cypress filed the present Motion for attorneys' fees. North Cypress argues that it is entitled to attorneys' fees on the basis of: (1) dicta in the Fifth Circuit's 2015 opinion in this case, and (2) the Court's 2016 decision in *Humble*. (Doc. No. 503 at 1.) North Cypress seeks attorneys' fees based on its breach of contract and ERISA clams, as well as under the Texas Deceptive Trades Practices Act.

On September 28, 2016, this Court issued a Memorandum and Order on the three motions for summary judgment, granting each motion in part. (Doc. No. 529.) The Court ruled that Cigna had violated ERISA § 502(a)(1)(B)[1] but that North Cypress could not recover for any benefit claims for which it did not pursue administrative remedies. (Doc. No. 529 at 4-16.) The Court granted summary judgment to Cigna on North Cypress's claims under §§ 502(a)(3), 503, and 502(c)(1)(B) claims. (Doc. No. 529 at 20-23.) The Court further ruled that North Cypress's breach of contract claim was preempted by ERISA. (Doc. No. 529 at 23-24.) The Court found

---

[1] The Court ruled that the *Humble* decision had preclusive effect on only one subpart of North Cypress's ERISA § 502(a)(1)(B) claim—whether Cigna's interpretation of the plan language was legally incorrect. (Doc. No. 529 at 6-10.)

2

that there were genuine disputes of material fact as to proper assignment, MRC-2 claims,[2] and the proper calculation of damages. (Doc. No. 529 at 16-19.) The Court therefore denied summary judgment to both sides on those issues. Finally, the Court rejected North Cypress's claim for attorneys' fees under ERISA's fee-shifting provision, 29 U.S.C. § 1132(g)(1): "Because the Court finds that fact questions remain…an award of attorneys' fees would be premature at this stage." (Doc. No. 529 at 26.)

## II. ANALYSIS

### A. Breach of contract claim

To recover attorneys' fees for breach of contract under Texas law, "a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). North Cypress has done neither. At the time the present Motion was filed, this Court had not yet ruled on North Cypress's breach of contract claim. In the intervening time, the Court ruled that North Cypress's breach of contract claim was preempted by ERISA. (Doc. No. 529 at 23-24.) As such, North Cypress has no claim for attorneys' fees with regard to its breach of contract claim.

### B. Texas DTPA claim

North Cypress further argues that it is entitled to attorneys' fees under Texas's Deceptive Trade Practices Act (DTPA) because Cigna allegedly brought its claims against North Cypress in bad faith. (Doc. No. 503 at 6-7.) The DTPA provision on which North Cypress relies allows for the recovery of attorneys' fees only upon "a finding by the court that an action under [the DTPA] was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment." Tex. Bus. & Com. Code § 17.50(c). Cigna's counterclaim, however, is not a DTPA claim,

---

[2] MRC stands for "Maximum Reimbursable Charge." (Doc. No. 447 at viii.)

making § 17.50(c) completely irrelevant. *See* Doc. No. 292. Moreover, North Cypress provides no support for its allegation that Cigna's counterclaim was brought in bad faith. There is therefore no basis on which to make a finding that Cigna's claim was brought in bad faith. Attorneys' fees under the DTPA are denied.

### C. ERISA claims

Finally, North Cypress requests attorneys' fees under ERISA § 502(g)(1). 29 U.S.C. § 1132(g)(1). Pursuant to this section, a court "*in its discretion* may allow a reasonable attorneys' fee and costs of action to either party so long as the party has achieved some degree of success on the merits." *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013) (emphasis added) (internal quotations omitted). Notably, a party is not required to be a "prevailing party" in order to receive an award of attorneys' fees. *Id*. Instead, a party satisfies the "some degree of success on the merits" standard if the court is able to conclude that there has been some success "without conducting a lengthy inquir[y] into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Id*.[3]

North Cypress argues that it has achieved "some degree of success on the merits" based on the Fifth Circuit opinion vacating this Court's grants of summary judgment and the *Humble* decision. However, North Cypress's reliance on those decisions is misplaced. With regard to the former, although the Fifth Circuit indicated that there were "strong arguments" in North Cypress's favor, the panel made clear that its decision was not a determination on the merits of the case, but rather a roadmap for a merits determination by *this* Court: "We say this much not to suggest an answer but only to *underline the many issues* Cigna asks us to decide. We cannot

---

[3] A court may, but is not required to, apply the five-factor test from *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013). The Court declines to do so here.

resolve the merits on this record…." *N. Cypress*, 781 F.3d at 196 (emphasis added). Thus, rather than achieving success on the merits, North Cypress merely achieved an *opportunity* to prevail on the merits when the case was remanded to this Court.

North Cypress points out that the Northern District of Texas recently granted attorneys' fees based on the Fifth Circuit's "suggestive language" regarding an unresolved factual issue. *See Koehler v. Aetna Health Inc.*, 915 F. Supp. 2d 789 (N.D. Tex. 2013). In that case, an individual patient sued her insurer over the denial of her benefits claim, and the trial court granted summary judgment to the insurer. *Id*. at 791. The Fifth Circuit reversed the grant of summary judgment, finding that there was a fact issue as to whether the insurer acted in bad faith. *Id*. at 791-92. The parties subsequently reached an agreement on the payment of the benefits claim, leaving only the plaintiff's claim for attorneys' fees. *Id*. at 792. The Northern District of Texas found that the plaintiff had achieved some degree of success on the merits based on the Fifth Circuit's statement that "there is some evidence of bad faith." *Id*. at 797. *Koehler* is distinguishable from the instant case in that the agreement between the parties precluded a final judgment for either side. Here, by contrast, the Motion for Attorneys' Fees was filed prior to trial and even prior to a decision on the then-pending motions for summary judgment. Unlike in *Koehler*, a final judgment is still forthcoming in this case, and it would be premature to grant attorneys' fees at this stage. The Court therefore declines to exercise its discretion to grant attorneys' fees based on the Fifth Circuit's opinion in this case.

Nor does the decision in *Humble*, which involved a different medical facility, a different set of facts, and different attorneys, justify an award of attorneys' fees in this case. Notably, North Cypress does not cite a single case that would justify granting attorneys' fees under these circumstances. Moreover, although North Cypress uses the present Motion to reiterate its

5

arguments for collateral estoppel based on the *Humble* case, this Court did not wholly accept those arguments. In the September 28, 2016 Memorandum and Order, the Court held that the *Humble* decision has collateral estoppel effect only as to the issue of legal correctness, not to the issues of abuse of discretion or administrative exhaustion. (Doc. No. 529 at 6-10, 15 n.5.) The limited application of the collateral estoppel doctrine further weakens North Cypress's argument that it should receive attorneys' fees based on the *Humble* decision. Therefore, the Court declines to exercise its discretion to award attorneys' fees.

### III. CONCLUSION

For the reasons set forth above, the Court finds that North Cypress's Interim Application for the Award of Attorneys' Fees and Taxable Costs (Doc. No. 503) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas this 31st day of January, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE