United States District Court
Southern District of Texas
**ENTERED**
February 06, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NORTH CYPRESS MEDICAL CENTER OPERATING CO., LTD.,** *et al*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 4:09-CV-2556 |
| **CIGNA HEALTHCARE,** *et al*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are the parties' Motions for Reconsideration of the Court's September 28, 2016 Order (Doc. Nos. 525 and 531). After considering the Motions, the responses thereto, and all applicable law, the Court determines that both Motions should be denied.

### I.   BACKGROUND

This case arises out of a dispute over the obligation of an insurer (Defendants, hereinafter "Cigna") to pay a hospital (Plaintiffs, hereinafter "North Cypress") for medical services provided to insured patients. The facts of the case are familiar to the parties and need not be recited here in full. The central issue in the case is Cigna's interpretation of plan language stating that "payment for the following is specifically excluded: . . . charges for which you [patients] are not obligated to pay or for which you are not billed." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 187 (5th Cir. 2015). Cigna interpreted this language to mean that patients had no insurance coverage for medical procedures for which the patient was not billed. *Id.* at 189. Accordingly, Cigna implemented a Fee-Forgiving Protocol under which it drastically reduced its payment of claims to North Cypress (typically paying $0 or $100) where Cigna

1

believed that North Cypress had waived or reduced patient contribution. *Id*. North Cypress brought claims against Cigna under the Employee Retirement Income Security Act ("ERISA") and for breach of contract.

In its September 28, 2016 Order, the Court granted summary judgment on various issues in the case. (Doc. No. 529.) North Cypress and Cigna have both moved for reconsideration of the Court's September 28, 2016 order. (Doc. Nos. 525 and 531.)

## II.   LEGAL STANDARD

Rule 54(b) allows a court to revise an interlocutory order any time prior to the entry of judgment adjudicating all the claims and all the parties' rights and liabilities. The Federal Rules of Civil Procedure do not, however, specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Motions for reconsideration from interlocutory orders are generally governed by the standards for Rule 59(e) motions. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); *Thakkar v. Balasuriya*, No. H-09-0841, 2009 WL 2996727, at *1 (S.D. Tex. Sept. 9, 2009).[1]

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate where there has been an intervening change in the controlling law. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e)

---

[1] North Cypress emphasizes that Rule 54(b) allows a court to reverse a prior ruling on an interlocutory order "for any reason it deems sufficient." *United States v. Renda,* 709 F.3d 472, 479 (5th Cir. 2013) (internal quotation marks and citation omitted). However, the Fifth Circuit has endorsed the use of the Rule 59(e) motion standard on motions for reconsideration. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); *Thakkar v. Balasuriya*, No. H-09-0841, 2009 WL 2996727, at *1 (S.D. Tex. Sept. 9, 2009).

"cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004); *see also In re Goff*, No. 13–41148, 2014 WL 4160444, *4 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances").

### III.   ANALYSIS

#### A.  North Cypress's ERISA § 502(a)(1)(B) claim

The Court found in its September 28, 2016 Memorandum and Order that Cigna had violated ERISA § 502(a)(1)(B), but that North Cypress could not recover for any claims for which North Cypress failed to exhaust administrative remedies. Both North Cypress and Cigna challenge aspects of the Court's ruling on § 502(a)(1)(B).

#### 1. Abuse of discretion

A claim for benefits under ERISA § 502(a)(1)(B) proceeds in stages. First, the court asks whether the plan administrator's interpretation is "legally correct." *Anderson v. Cytec Indus.*, 619 F.3d 505, 512 (5th Cir. 2010). If it is not, the court proceeds to the second question: whether the interpretation was an abuse of discretion. *Id*. Factors at this stage include, but are not limited to: whether the plan administrator had a conflict of interest, the internal consistency of the plan, the factual background of the determination, and any inferences of lack of good faith. *N. Cypress*, 781 F.3d at 196.

In its September 28, 2016 Memorandum and Order, this Court determined that Cigna's interpretation of the plan was not legally correct. (Doc. No. 529 at 9.) The Court therefore proceeded to the question of abuse of discretion. The Court found that the evidence regarding conflict of interest was inconclusive, and that the evidence regarding internal consistency of the plan weighed in Cigna's favor. *Id.* at 10-12. However, the Court ultimately found that Cigna had abused its discretion based on the factual background of the determination and any inferences of lack of good faith. *Id.* at 12-15. In particular, the Court found that, although Cigna claimed it was trying to curtail North Cypress's fee-forgiving practices in order to prevent harmful externalities in the insurance market, in fact Cigna's goal was to pressure North Cypress into negotiating an in-network contract. *Id.* The Court cited various statements to that effect made in Cigna's internal emails and presentations. *Id.*

North Cypress challenges the Court's findings with regard to conflict of interest and internal consistency of the plan. These findings, however, ultimately had no bearing on the outcome. Conflict of interest and internal consistency are merely factors in the Court's inquiry regarding abuse of discretion. Because North Cypress prevailed on the ultimate factor—factual background of the determination and any inferences of lack of good faith—it prevailed on the overall question of abuse of discretion. There is therefore no reason for the Court to revisit its findings on the other factors, since the outcome (a finding that Cigna abused its discretion) would remain unchanged. For the same reason, the Court declines to revisit its finding that collateral estoppel does not apply to the issue of abuse of discretion. The Court concluded that Cigna abused its discretion based on the facts of *this* case. The application of collateral estoppel would not change that outcome.

Cigna, meanwhile, challenges the Court's ruling on factual background of the

determination and any inferences of lack of good faith. Cigna makes two primary arguments. First, Cigna argues that the statements cited by the Court should be discounted because they were made by individuals outside Cigna's Special Investigations Unit (SIU). Cigna argues that SIU was responsible for investigating North Cypress's fee-forgiving practices, developing the Fee-Forgiving Protocol, and reviewing North Cypress's appeals. The evidence that Cigna cites, however, does not bear this out. Cigna's evidence establishes that SIU played a role in investigating North Cypress's fee-forgiving practices and notes that "SIU [gave] specific processing instructions for each claim." *See* Doc. Nos. 448-6, 462-12 at 3. This evidence does not establish that SIU had exclusive control over the development and implementation of the Fee-Forgiving Protocol. As such, the Court is not persuaded that the strong statements made by Cigna employees and cited in the September 28, 2016 Memorandum and Order should be disregarded in assessing bad faith on the part of Cigna.

Second, Cigna urges the Court to consider evidence that Cigna had other motivations for implementing the Fee-Forgiving Protocol besides pressuring North Cypress into a contract negotiation. These include curtailing fee-forgiving behavior and saving money for struggling plan sponsors. *See, e.g.*, Doc. Nos. 267-7 (urging implementation of the Fee-Forgiving Protocol "with hopes that we'll drive a contract discussion *or stop the behavior*" (emphasis added)), 270-1 at 85 (expressing concern about the fiscal challenges facing plan sponsor Cy Fair Independent School District). According to Cigna, this evidence shows at least a genuine dispute about Cigna's motivation for implementing the Fee-Forgiving Protocol. However, Cigna offers nothing to dispute the strong evidence showing that the Fee-Forgiving Protocol was designed to pressure North Cypress back to the negotiating table. As such, Cigna's evidence merely suggests *mixed* motivations. The fact that Cigna had other, legitimate motivations does not change the Court's

finding that Cigna acted in bad faith by attempting to drive contract negotiations through a program ostensibly aimed at curtailing fee-forgiving.

### 2. Failure to exhaust administrative remedies

North Cypress also moves for reconsideration of the Court's summary judgment ruling on all claims for which North Cypress failed to exhaust administrative remedies. North Cypress maintains that it was not required to exhaust administrative remedies, since pursuing administrative remedies would have been futile. To qualify for the futility exception to the exhaustion requirement, the claimant must show a "*certainty* of an adverse decision." *Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000) (citing *Commc'ns Workers of Am.*, 40 F.3d at 433) (emphasis in original). The claimant is also required to show hostility or bias on the part of the administrative review committee. *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004).

In its Motion for Reconsideration, North Cypress highlights the evidence in the record of Cigna's policy of denying North Cypress's claims. In particular, North Cypress urges the Court to consider a November 10, 2008 letter from Cigna's John W. Matheny and North Cypress's response dated November 14, 2008. (Doc. No. 525 at 3-4.) The Court maintains, however, that the reversal of six out of 24 claim appeals in the record defeats any claim by North Cypress of a "*certainty* of an adverse decision," *see Bourgeois*, 215 F.3d at 479, regardless of any communications between the parties ex ante about how claims would be handled. North Cypress put forth ample evidence of hostility and bias, both of which are relevant to the issue of futility. However, North Cypress cannot overcome the evidence that six out of the 24 appeals reviewed by the Court resulted in favorable decisions for North Cypress. In light of that evidence, no degree of hostility or bias can establish a *certainty* of adverse decision on appeal. And though

North Cypress characterizes *Bourgeois* as a "unique" opinion, *Bourgeois*'s certainty standard remains binding Fifth Circuit law.

In an attempt to minimize the significance of the six favorable administrative appeals decisions in the record, North Cypress argues that the decisions on these claims resulted from external pressure. Specifically, North Cypress contends that the only reason that four of the six claims were reversed in the administrative process was because individual plan participants complained to the Texas Department of Insurance (TDI). (Doc. No. 525 at 15.) North Cypress argues that these reversals therefore resulted, not from a fair evaluation on Cigna's part, but rather from Cigna's desire to avoid scrutiny by a state regulatory agency. *Id*. This argument fails for several reasons. First, North Cypress did not raise this argument in its Motions for Summary Judgment and therefore may not raise it now. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued"). Second, North Cypress does not provide any explanation for the partial reversal of two of the claims. *See* Doc. No. 278-1 at 12-13, 71-73. This suggests that, at least in some circumstances, favorable decisions on appeal could be obtained without any outside regulatory pressure. Third, even if the Court were to accept North Cypress's allegation that TDI scrutiny motivated the reversals, the Court is not persuaded that the *motivation* for a favorable decision on appeal factors into the certainty standard. After all, the administrative exhaustion requirement exists in part to provide a non-adversarial method of claim settlement. *See Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). To that end, it does not matter *why* an administrator reverses a claim on appeal; administrative exhaustion does its work to the extent that it keeps some claims out of the courts. Therefore, since the reason for a favorable decision

does not speak to the certainty of an adverse decision on appeal, North Cypress's allegations about the TDI complaints are irrelevant to the question of futility.

The cases that North Cypress discusses—*Bourgeois*; *Commc'ns Workers of Am.* (the D.C. Circuit case that the Fifth Circuit cited for the certainty standard in *Bourgeois*); and *Arapahoe Surgery Center, LLC v. Cigna Healthcare, Inc.*, 171 F. Supp. 3d 1092 (D. Colo. 2016) — do not support applying the futility exception to the facts of this case. Notwithstanding the fact that two of these cases come from outside the Fifth Circuit, all are inapposite because none involved successful administrative appeals on behalf of some claimants. Moreover, even if it were applicable to this case, *Arapahoe*'s language confirms that certainty is required for the futility exception: "plaintiff must establish that it is *certain* that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." 171 F. Supp. 3d at 1110 (internal quotes omitted) (emphasis added).

Next, North Cypress argues that, in order to establish certainty, it would have had to appeal all 10,000 claims at issue. (Doc. No. 525 at 7.) This argument misunderstands the certainty standard. The purpose of the futility exception is to allow claimants to proceed despite failure to pursue administrative appeals, by showing that an appeal would have served no purpose. Here North Cypress simply cannot show that.

North Cypress further argues that it was not required to exhaust administrative remedies because of Cigna's alleged failure to produce plan documents. North Cypress cites no binding authority suggesting that Cigna's alleged failure to produce plan documents has any effect on the administrative exhaustion requirement. In any event, the Court is not persuaded that Cigna refused to provide plan documents as required by ERISA § 1024(b). *See* Doc. No. 529 at 22-23.

The Court rejects three additional arguments on the basis that North Cypress failed to

raise them in its Motions for Summary Judgment: (1) that Cigna failed to meet its obligations under 29 C.F.R. § 2560.503-1(g), as a result of which North Cypress should be deemed to have exhausted administrative remedies,[2] (2) that any claims filed after August 11, 2009 (the date on which North Cypress filed suit) are not subject to the administrative exhaustion requirement, and (3) that Cigna's present litigation is contrary to the position Cigna would have taken in an administrative appeal. *See Schiller*, 342 F.3d at 567.

Finally, North Cypress repeats (almost word for word) the argument from its Motion for Summary Judgment that the ruling on administrative exhaustion in *Connecticut General Life Insurance Co., et al. v. Humble Surgical Hosp., LLC*, C.A. No. 4:13-cv-3291, 2016 WL 3077405 (S.D. Tex. Jun. 1, 2016) (hereinafter "*Humble*") should be applied to this case. *See* Doc. No. 489 at 9. The Court rejected this argument in its September 28, 2016 Order, and North Cypress has provided no reason for the Court to reconsider its decision.

### B. North Cypress's ERISA § 503 claim

ERISA § 503 requires an employee benefit plan administrator to:

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

---

[2] The only reference to § 2560.503-1 in North Cypress's motions for summary judgment appears in the context of North Cypress's argument concerning *Connecticut General Life Insurance Co., et al. v. Humble Surgical Hosp., LLC*, C.A. No. 4:13-cv-3291, 2016 WL 3077405 (S.D. Tex. Jun. 1, 2016) (hereinafter "*Humble*"). In that case, the court deemed the hospital's claims exhausted because of Cigna's failure to follow claims procedures, citing 29 C.F.R. § 2560.503-1(1). *Humble*, 2016 WL 3077405, at *2 n.1. In its September 28, 2016 Memorandum and Order, this Court held that *Humble* did not have preclusive effect on the issue of administrative exhaustion. (Doc. No. 529 at 15 n.5.)

29 U.S.C. § 1133. In order to satisfy § 503, a claim administrator must provide review of the specific ground for an adverse decision. *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 254, 257 (5th Cir. 2005). The standard for a § 503 claim is substantial compliance. *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 257 (5th Cir. 2005). "Technical noncompliance with ERISA procedures will be excused so long as…the beneficiary [receives] an explanation of the denial of benefits that is adequate to ensure meaningful review of that denial." *Sanborn-Alder v. Cigna Group Ins.*, 771 F. Supp. 2d 713, 719 (S.D. Tex. 2011).

This Court denied North Cypress's § 503 claim on summary judgment. (Doc. No. 529 at 20-22.) The Court noted that the only evidence North Cypress had produced referred to Cigna's *initial* processing of the claims, not to the subsequent review mandated by § 503. *Id.* The Court further noted that, in each of the denial letters reviewed by the Court, Cigna cited its concerns about fee-forgiving and quoted the exclusionary plan language. *See* Doc. Nos. 278-1, 462-9, 462-10, 462-11.

North Cypress now presents evidence suggesting that Cigna tracked appeals of North Cypress claim denials and instructed appeals committee members to affirm the original denials pursuant to the protocol. (Doc. Nos. 526-3, 526-4, 526-14.) This evidence does not warrant a reversal of the Court's grant of summary judgment. Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). North Cypress does not claim that its evidence is newly discovered, and its earlier arguments regarding the § 503 claim were based on initial denials rather than subsequent review.

North Cypress also argues that a ruling against Cigna on the § 502(a)(1)(B) claim is fundamentally inconsistent with a ruling that Cigna provided full and fair review as required by §

503. The Court disagrees. Once again, the Court points to the distinction between the decisions made at the initial claims processing stage and those made during administrative review. The evidence shows that Cigna provided notice in its denial letters of the reasons for denial, reviewed claims that were administratively appealed, and in some cases, reversed denials on appeal. The Court maintains that, in doing so, Cigna substantially complied with § 503. *See Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 257 (5th Cir. 2005).

### C. North Cypress's ERISA § 502(c)(1)(B) claim

This Court granted summary judgment to Cigna on North Cypress's ERISA § 502(c)(1)(B) claim. ERISA § 1024(b) requires plan administrators to make plan documents available to participants and beneficiaries upon request. 29 U.S.C. § 1024(b). Refusal to comply within 30 days subjects a plan administrator to liability of up to $100 per day under § 502(c)(1)(B). 29 U.S.C. § 1132(c)(1)(B). North Cypress alleged that it made numerous requests for information from Cigna for documentation of claims procedures and that Cigna repeatedly failed to provide the requested information. The Court found, however, that North Cypress was not entitled to review plan documents under § 1024(b) because it was neither a plan participant nor a beneficiary. *See Koenig v. Aetna Life Ins. Co.*, Civil Action No. 4:13-CV-00359, 2015 WL 6473351, at *5 (S.D. Tex. Oct. 27, 2015) (citing *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 576 (5th Cir. 1992), *overruled in part by Access Mediquip, L.L.C. v. UnitedHealthcare Ins. Co.,* 698 F.3d 229, 230 (5th Cir. 2012)).

North Cypress's challenge to the Court's ruling is twofold. First, North Cypress repeats its argument that its status as an assignee of benefits made it a beneficiary for purposes of § 502(c). The Court explained in the September 28, 2016 Memorandum and Order why this is not the case, and North Cypress has not provided any reason to reconsider this ruling. Second, North

Cypress notes that the Court did not address the argument that Cigna was the *de facto* plan administrator. It was not necessary to reach this question, however. Regardless of whether Cigna was required to make plan documents available to plan participants and beneficiaries due to its status as a *de facto* plan administrator, Cigna was not required to make those documents available *to North Cypress*, for the reasons explained in the September 28, 2016 Memorandum and Order.

### D.  North Cypress's claim for attorneys' fees

Finally, North Cypress challenges the Court's denial of attorneys' fees. North Cypress notes that, under ERISA, a court "*in its discretion* may allow a reasonable attorneys' fee and costs of action to either party so long as the party has achieved some degree of success on the merits." *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013) (emphasis added) (internal quotations omitted). For the reasons explained in the September 28, 2016 Memorandum and Order, the Court declines to exercise its discretion to award attorneys' fees at this stage.

## IV.  CONCLUSION

For the reasons set forth above, the Court finds that the parties' Motions for Reconsideration of the Court's September 28, 2016 Order (Doc. Nos. 525 and 531) are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 6th day of February, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE